UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>KING ISAAC UMOREN,<br><br>        Defendant. | Case No.: 2:16-cr-00374-APG-NJK<br><br>**Order Granting in Part the Government's Motion in Limine Regarding Defendant's Individual Income and UTS Business Tax Returns**<br><br>**[ECF No. 210]** |

Defendant King Isaac Umoren owned and operated tax preparation businesses. The government alleges Umoren created false tax returns, stole money from the refunds generated by the false returns, and impersonated an FBI agent.[1] The government moves to admit evidence that (1) Umoren failed to file individual income tax returns for tax years 2014 through 2020 and (2) Umoren failed to ever file business tax returns for UTS.

The government contends that evidence of these failures to file tax returns should be admitted as direct evidence that is inextricably intertwined with the charged conduct. Alternatively, the government contends this evidence is admissible under Federal Rule of Evidence 404(b) because it shows knowledge, intent, willfulness, common plan or scheme, modus operandi, identity, absence of mistake, and consciousness of guilt. Umoren responds that the failure to file tax returns is not inextricably intertwined with the charged conduct, that the evidence does not pass muster under Rule 404(b), and that any probative value is outweighed by the danger of unfair prejudice.

---

[1] Additional allegations against Umoren related to his tax preparation businesses are pending in *United States v. Umoren*, 2:19-cr-00064-APG-NJK.

**Analysis**

As a general rule, relevant evidence is admissible unless otherwise proscribed. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Where relevant evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," I may exclude it. Fed. R. Evid. 403.

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such evidence may be admitted if it bears on "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) is a rule of "inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977) (citation omitted). The Ninth Circuit applies a four-part test when considering admissibility under Rule 404(b). Under this test, the government must show that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015) (citation and internal quotations omitted).

"[E]vidence that is inextricably intertwined with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)." *United States v. Anderson*, 741

F.3d 938, 949 (9th Cir. 2013) (internal quotations and citation omitted). Evidence may be inextricably intertwined where it either (1) "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) is necessary to "permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1178 (9th Cir. 2016) (internal quotations and citation omitted).

Evidence of Umoren's failure to file tax returns is not inextricably intertwined with the charged crimes because it does not constitute a part of Umoren's fraud scheme or other charged conduct. It likewise is unnecessary to help the government offer a coherent story of the charged conduct.

However, evidence of Umoren's failure to file individual and UTS business tax returns is admissible under Rule 404(b). Umoren's failures to file returns may tend to prove his knowledge of the illegality of the charged conduct, a plan or scheme to conceal illegally acquired funds, or consciousness of guilt. Umoren's failure to file are not remote in time relative to the charged conduct. The evidence is sufficient to support a finding that Umoren is responsible for these failures to file, as the returns in question are his personal returns and those of businesses he owned and operated. Finally, his failures to file are similar to the offenses charged in that they all implicate the return-filing process.

The probative value of Umoren's failures to file individual tax returns for tax years 2014 through 2017 and his failure to file any business tax returns on behalf of UTS is not substantially outweighed by a dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or cumulativeness. However, because Umoren was detained from 2018 onward (which caused corresponding burdens to filing tax returns), the probative value of his failure to file individual returns from 2018 onward is substantially outweighed by the danger of

unfair prejudice. So the government may present evidence concerning Umoren's failure to file individual tax returns only for tax years 2014 to 2017.[2]

**Conclusion**

I THEREFORE ORDER that the government's motion in limine **(ECF No. 210) is GRANTED in part**.

DATED this 3rd day of December, 2021.

                                                                    ANDREW P. GORDON
                                                                    UNITED STATES DISTRICT JUDGE

---

[2] The government's motion seeks an order permitting evidence of Umoren's failure to file individual income tax returns for tax years 2014 through 2020. ECF No. 210 at 18. However, in its reply brief its request spans tax years 2014 through 2017. ECF No. 232 at 6. This change may be an acknowledgement of Umoren's opposition argument concerning post-detention filing challenges.