UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KING ISAAC UMOREN,<br><br>　　　　Defendant. | Case No.: 2:16-cr-00374-APG-NJK<br><br>**Order Granting in Part the Government's Motion in Limine Regarding Uncharged Victims and Tax Returns**<br><br>[ECF No. 211] |

　　　　Defendant King Isaac Umoren owned and operated tax preparation businesses. The government alleges Umoren created false tax returns, stole money from the refunds generated by the false returns, and impersonated an FBI agent.[1] The government moves to admit (1) evidence of uncharged victims of the wire fraud scheme charged in counts 1-10 of the superseding indictment and (2) evidence of uncharged false tax returns where those returns resemble the returns charged in counts 14-23 of the superseding indictment.

　　　　The government contends that both evidence of uncharged victims and evidence of additional false tax returns should be admitted as direct evidence that is inextricably intertwined with the charged conduct. Alternatively, the government argues this evidence is admissible under Federal Rule of Evidence 404(b) because it is evidence of knowledge, intent, willfulness, common plan or scheme, modus operandi, identity, and absence of mistake. Umoren responds that uncharged conduct should not be admitted as a general rule, that the evidence in question is only tenuously connected to him, and that admitting the disputed evidence would be fundamentally unfair for lack of notice.

---

[1] Additional allegations against Umoren related to his tax preparation businesses are pending in *United States v. Umoren*, 2:19-cr-00064-APG-NJK.

**Analysis**

As a general rule, relevant evidence is admissible unless otherwise proscribed. Fed. R. Evid. 402.  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Where relevant evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," I may exclude it. Fed. R. Evid. 403.

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, such evidence may be admitted if it bears on "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  Rule 404(b) is a rule of "inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977) (citation omitted).  The Ninth Circuit applies a four-part test when considering admissibility under Rule 404(b).  Under this test, the government must show that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015) (citation and internal quotations omitted).

However, "evidence that is inextricably intertwined with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)." *United States v.*

*Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) (internal quotations and citation omitted). Evidence may be inextricably intertwined where it either (1) "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) is necessary to "permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1178 (9th Cir. 2016) (internal quotations and citation omitted).

### a. Additional Wire Fraud Victims

The government seeks to introduce evidence of additional, uncharged wire fraud victims, including "UTS client #1," "UTS Client #2," "UTS Client #3," "UTS Client #4," "UTS Client #5," and any others not otherwise identified in the motion but contained within discovery. ECF No. 211 at 16-20. Evidence of uncharged victims is relevant to counts 1-10 because it tends to prove the existence of a scheme to defraud. This evidence is likewise inextricably intertwined with charged conduct because it constitutes a part of the same transaction that serves as the basis for the criminal scheme. Uncharged transactions are admissible as inextricably intertwined where they tend to prove the existence of the charged scheme. *See United States v. Mundi*, 892 F.2d 817, 820 (9th Cir. 1989) (holding that the government could introduce evidence of uncharged victim travel agencies within a wire fraud scheme because the defendant's transactions with these uncharged victims were inextricably intertwined with the defendant's greater scheme).

Evidence of uncharged wire fraud victims offered as inextricably intertwined may be limited to the scheme element of wire fraud. *See Loftis*, 843 F.3d at 1178. So to the extent the government introduces evidence of uncharged victims for a non-404(b) purpose, it must be limited to proving the existence of a scheme under 18 U.S.C. § 1343. *See id.* at 1178-79 ("[T]he [district] court appears to have applied the law correctly when it recognized evidence of other

3

wires may be admissible to support the first, but not the second, element of wire fraud, and when it said the evidence in dispute may be admissible if offered as proof of the scheme underlying the charged transactions.") (internal quotations and citation omitted).

If the government offers this evidence for a reason other than proving a scheme, I will allow it only for 404(b) purposes. *See Martin*, 796 F.3d at 1106.  Evidence of uncharged wire fraud victims may serve non-propensity purposes like showing knowledge, motive, intent, identity, common plan or scheme, modus operandi, or absence of mistake.  Such evidence may tend to prove material points.  The evidence does not appear to be too remote in time because these victims claim to have been defrauded around the same time as those charged.  The evidence seems sufficient to support a finding that Umoren committed the other acts because of the similar nature of these other acts to the charged conduct and because the additional victims "will identify Umoren as the person who prepared their tax returns." ECF No. 211 at 22.  Finally, the additional acts are virtually identical in nature to those charged.

The probative value of these uncharged wires and victims is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or cumulativeness.  The government has provided Umoren with adequate notice of this evidence such that there is no unfairness or prejudice under Rule 404(b)(3).  However, at this juncture, I allow evidence of only UTS Clients #1-5.  Evidence of any additional uncharged victims may prejudice Umoren or be cumulative under Rule 403.

### b. Additional False Tax Return Filings

The government seeks to introduce evidence of false tax returns filed on behalf of the uncharged victims where those returns resemble the returns charged in counts 14-23 of the superseding indictment.  Umoren again argues that uncharged "other acts" should be excluded as

4

a general rule, that the government has not proved that the "other acts" are connected to him, and that admission of this evidence would be unfair and prejudicial for lack of notice.

Evidence of additional false returns is relevant to the charges in counts 14-23 because it tends to prove Umoren's identity as the preparer of false returns, lack of mistake given the repetition and similar execution of false returns, common scheme or plan given the same fraudulent deduction strategies employed between the charged and uncharged returns, and motive given the increasingly profitable nature of the scheme across an increasing number of false returns.  However, additional false tax returns do not form parts of the same transactions charged and are not necessary to permit the government to offer a coherent story with regard to counts 14-23.  The charged transactions in those counts involve only those tax returns directly at issue in each count, and the false returns charged in those counts should be all that are necessary for the government to offer coherent stories of those criminal transactions.  Evidence of uncharged false returns thus is not inextricably intertwined with counts 14-23.

But evidence of the uncharged false tax returns of UTS Clients #1-5 is admissible under Rule 404(b).  As noted above, these additional false tax returns tend to prove material points.  They are likewise not remote in time relative to the charged tax returns, and the evidence seems sufficient to support a finding that the defendant created these returns because of their similarities to the charged returns and because the clients who received them "will identify Umoren as the person who prepared" them. ECF No. 211 at 22. *See Martin*, 796 F.3d at 1106.

The probative value of these uncharged false tax returns is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or cumulativeness.  The government has provided Umoren with adequate notice of this evidence such that there is no unfairness or prejudice under Rule 404(b)(3).  However, at this

juncture, I allow evidence of the additional returns filed on behalf of UTS Clients #1-5 only. Evidence of additional uncharged tax returns may prejudice Umoren or be cumulative under Rule 403.

**Conclusion**

I THEREFORE ORDER that the government's motion in limine **(ECF No. 211) is GRANTED in part**.

DATED this 3rd day of December, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE