1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3  UNITED STATES OF AMERICA,

4      Plaintiff

5  v.

6  KING ISAAC UMOREN,

7      Defendant

Case No.: 2:16-cr-00374-APG-NJK

**Order Granting Plaintiff's Motion in Limine Regarding Umoren's Prior Specific Acts**

[ECF No. 212]

8    Defendant King Isaac Umoren owned and operated tax preparation businesses.  In this

9  case,[1] the government alleges Umoren created false tax returns, stole money from the refunds

10  generated by the false returns, and impersonated an FBI agent.  The government now moves *in*

11  *limine* to introduce impeachment evidence of specific acts by Umoren.

12    The government argues that if Umoren testifies, his character for truthfulness will be at

13  issue.  It claims that, as it alleged in *United States v. Umoren*, 2:19-cr-00064-APG-NJK, it has

14  evidence of fraudulent, untruthful, and dishonest acts by Umoren underlying the fraud scheme

15  alleged in that case.  The government seeks to introduce that evidence under Federal Rule of

16  Evidence 608(b)(1) to impeach Umoren should he testify.  It argues this evidence is critical for

17  the jury to properly evaluate Umoren's credibility given the contemporaneous nature of the

18  alleged acts and their nexus with Umoren's operation of his business.  It argues the evidence is

19  not barred by Federal Rule of Evidence 403, given the limited nature of the government's inquiry

20  on cross examination, the absence of extrinsic evidence, and the availability of a limiting

21  instruction.

22

23

---

[1] Additional charges against Umoren related to his tax preparation businesses are pending in *United States v. Umoren*, 2:19-cr-00064-APG-NJK.

1    Umoren responds that evidence of his alleged fraudulent conduct in the other case is

2  irrelevant, as it has nothing to do with impersonating an FBI agent.  Umoren argues the

3  government's request to immediately try to impeach Umoren should he testify is improper.  He

4  therefore contends that the government's tactic would only confuse the jury on the facts at issue

5  and deprive Umoren of his right to testify without fear that irrelevant charges against him will

6  impact the outcome in this case.  Umoren argues the evidence has little probative value, and it

7  raises substantial risks including unfair prejudice and jury confusion.  He argues the government

8  should use facts from this case, not irrelevant evidence from a separate case, to impeach him.[2]

9    The government replies that evidence regarding Umoren's dishonesty is highly probative

10  of his credibility regardless of whether it relates to impersonating an FBI agent.  It argues the

11  impeachment evidence is sufficiently distinct from the conduct underlying the charges in this

12  case, such that there is a low risk of confusing the jury.  The government relies on Federal Rule

13  of Evidence 608, not 404(b), to argue the evidence is admissible as impeachment evidence, not

14  substantive evidence.

15    Defendants place their credibility at issue when they testify. *See U.S. v. Reid*, 634 F.2d

16  469, 473 (9th Cir. 1980).  I may allow a party to inquire into specific instances of a witness's

17  conduct on cross-examination if they are probative of the witness's character for truthfulness or

18  untruthfulness. Fed. R. Evid. 608(b).  Evidence of a witness's participation in fraudulent

19  transactions, such as preparing false financial reports, is probative of truthfulness. *U.S. v.*

20  *Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989).

21

22

23    [2] Umoren also states, but does not argue why, the government's motion is premature.  Because I grant the government's motion subject to revisiting it when Umoren decides whether to testify, I do not address this statement.

1    In *United States v. Umoren*, 2:19-cr-00064-APG-NJK, the government charged Umoren

2  with wire fraud, aggravated identity theft, and money laundering related to the sale of one of his

3  tax preparation businesses.  The specific instances of fraudulent, untruthful, and dishonest acts

4  by Umoren underlying the allegations in that case are probative of his character for truthfulness.

5  While Umoren is correct that the specific instances in that case do not relate to impersonating an

6  FBI agent, they are instances of fraudulent acts which the government may properly use to

7  attempt to impeach him. *See Jackson*, 882 F.2d at 1448-49 (affirming trial court's admitting

8  evidence of witness's misappropriating client funds for impeachment purposes under 608(b)).

9  Any danger of unfair prejudice or confusion resulting from this evidence does not substantially

10  outweigh its probative value, especially with the availability of a limiting instruction to the jury.

11  My decision here is consistent with my earlier decision on the government's corollary motion in

12  *United States v. Umoren*, 2:19-cr-00064-APG-NJK which sought an order *in limine* to be

13  permitted to impeach Umoren with the facts underlying this case. *United States v. Umoren*, 2:19-

14  cr-00064-APG-NJK, ECF No. 132 at 7-8.

15    Umoren's reliance on *United States v. Douglas*, 408 F.3d 922 (7th Cir. 2005) is

16  misplaced.  There, the defendant sought to impeach their own witness by inquiring into the

17  witness's criminal history. *Id.* at 927.  The Seventh Circuit reasoned that because the government

18  did not call the witness and it could prove every element of its case without the witness's

19  testimony, the witness's credibility was not at issue. *Id.*  Therefore, any evidence introduced to

20  impeach their credibility was irrelevant and inadmissible. *Id.*  Here, however, Umoren's

21  credibility will be at issue should he choose to testify, and specific instances probative of his

22  untruthfulness will be admissible under Rule 608(b).  I therefore grant the government's motion

23  *in limine*, subject to revisiting it during trial at the time Umoren decides whether to testify.

I THEREFORE ORDER that the government's motion *in limine*  **(ECF No. 212) is**

**GRANTED**.

DATED this 3rd day of December, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4