UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>KING ISAAC UMOREN,<br><br>　　　　Defendant | Case No.: 2:16-cr-00374-APG-NJK<br><br>**Order Granting Plaintiff's Motion in Limine Regarding Anita Santa Ana**<br><br>[ECF No. 213] |

Defendant King Isaac Umoren owned and operated tax preparation businesses. In this case,[1] the government alleges Umoren created false tax returns, stole money from the refunds generated by the false returns, and impersonated an FBI agent. The government moves *in limine* seeking to exclude mention of Anita Santa Ana's federal and state criminal cases as irrelevant and unfairly prejudicial.

The government does not plan on calling Santa Ana as a witness. It argues it is unlikely she will testify given she has very little connection with the facts of the case, so Federal Rule of Evidence 608(b) does not apply. It argues that if Umoren were to call Santa Ana, it would likely be only to impeach her, and such a purpose is not allowed. Further, the government contends that any evidence Umoren would offer about Santa Ana would be to establish propensity and is therefore inadmissible, and any similarity between Santa Ana's false tax filings and Umoren's allegedly false tax filings are insufficient to establish admissibility under 404(b)'s non-propensity purposes. The government argues that even if I find evidence about Santa Ana relevant for a non-propensity purpose, I should nevertheless exclude it under Rule 403, as

---

[1] Additional charges against Umoren also related to his tax preparation businesses are pending in *United States v. Umoren*, 2:19-cr-00064-APG-NJK.

evidence of Santa Ana's false tax return scheme has low probative value to deciding this case, and the evidence would create a confusing mini-trial about her cases while diverting the jury's attention from this case.

Umoren responds that I should defer ruling on motions *in limine* until trial provides the proper context to consider the evidence. Umoren argues the prejudicial effect of this evidence does not substantially outweigh its probative value, and any prejudicial effect can be dealt with by limiting instructions. Umoren suggests I deny the motion under Rule 608 because it permits inquiry into specific instances of a witness's conduct if they are probative of the witness's truthfulness. Umoren argues that even if he were to call Santa Ana for the sole purpose of impeachment, a motion *in limine* to prevent this would be improper. Umoren notes the Ninth Circuit allows "impeachment by contradiction," meaning I may admit extrinsic evidence that specific testimony is false because it is contradicted by other evidence. Umoren argues it would be improper to order a blanket exclusion of extrinsic evidence for impeachment, so I should rule on evidence proffered to impeach Santa Ana only after a party's objections.

The government replies that I should rule on its motion now to save time and eliminate this issue prior to trial. It contends that as in *United States v. Umoren*, 2:19-cr-00064-APG-NJK, the issue is ripe for decision because Umoren has not articulated a good faith basis for calling Santa Ana as a witness. The government argues Umoren's Rule 608(b) arguments are irrelevant because he has failed to articulate any basis for calling Santa Ana as a witness to begin with. And absent any articulated probative value of Santa Ana's testimony, Umoren's indication that he would call Santa Ana only to impeach her using evidence of her criminal cases is barred by Rule 403.

Motions *in limine* allow me to resolve issues prior to trial, thus saving jurors' time and eliminating distractions. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986). I should "[e]ncourage counsel to bring motions *in limine* on evidentiary questions" to "prevent disruptions … which could render the proceedings incoherent to the jurors." *Id.* (quotation omitted). I may exclude relevant evidence when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

I previously considered the government's similar motion in *United States v. Umoren*, 2:19-cr-00064-APG-NJK, which sought an order precluding evidence about Santa Ana's criminal investigation. There, I granted the motion because evidence of Santa Ana's other criminal activities had very little probative or exculpatory value, and it would likely confuse the issues for the jury. The same is true here. Such evidence has very little, if any, probative value to this case and would likely confuse the jury by having it focus on Santa Ana's, instead of Umoren's, actions.

I THEREFORE ORDER that the government's motion *in limine* **(ECF No. 213) is GRANTED**.

DATED this 3rd day of December, 2021.

                                           ANDREW P. GORDON
                                           UNITED STATES DISTRICT JUDGE