# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>KING ISAAC UMOREN,<br><br>          Defendant. | Case No.: 2:16-cr-00374-APG-NJK<br><br>**Order Granting the Government's Motion in Limine Regarding 911 Calls**<br><br>[ECF No. 244] |

The government moves to admit into evidence recorded statements made by three witnesses during two separate calls with a 911 operator. ECF No. 244.

The first call, involving J.T., is admissible under the hearsay exception for excited utterances. Fed. R. Evid. 803(2).  But it does not qualify as a "present sense impression" because J.T. did not personally perceive the event he is describing to the 911 operator, as required by Federal Rule of Evidence 803(1). *Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996).

The second call, involving I.K., J.T., and T.K., likewise is admissible because all of the statements qualify as excited utterances under Rule 803(2).  The statements by I.K. and T.K. also qualify as present sense impressions under Rule 803(1), but J.T.'s statement would not because he did not perceive the event he is describing.  I.K.'s statements are also admissible under Rule 801(d)(1)(C) because I.K. will testify at trial and during the call he identifies the defendant as the person he saw a few minutes before the call.

/ / / /

/ / / /

/ / / /

I THEREFORE ORDER that the government's motion in limine **(ECF No. 244) is GRANTED**. The government is permitted to admit into evidence the two calls with the 911 operator, provided the appropriate foundation and authenticity are first laid.

DATED this 20th day of January, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE